## In re A MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 80-90

May 13, 1991

Before REES, Associate Justice, MATA'UTIA, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Petitioner, Robert A. Porter

This is a petition to relinquish the parental rights and obligations of the natural parents, who are in their thirties, so that the child may be

adopted by some relatives with whom she has been living. The prospective adopting parents are 63 and 69 years of age.

Absent extraordinary circumstances, such as are not present in this case, it is not in the best interests of a child to terminate a legal obligation of support on the part of two healthy, young, natural parents in order to substitute a similar obligation on the part of prospective adopting parents who will be in their seventies and eighties, respectively, before the child reaches her majority.

The Court has consistently rejected petitions such as the present one, and yet a handful of lawyers and legal practitioners --- apparently encouraged by heavily subsidized attorney fees inexplicably provided by the deficit-ridden Territorial Office on Aging --- continue to bring these cases. The apparent motive in many cases is to increase the Social Security payments of elderly people by providing them with a roster of de jure "dependents."

The prospective adopting mother in the present case says she does not want an increase in her Social Security payments and that her only motive is to show her love for the child, whom she has already adopted into her family according to the Samoan custom. In this case there is no need for a legal adoption. A Samoan customary adoption does not require Court approval or a legal termination of the rights and obligation of the natural parents.

The child can go on living with these elderly relatives for as long as her natural parents continue to approve of the arrangement. The petition for relinquishment of the legal rights and obligations of the natural parents is denied.

It is so ordered.